IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                     3:22-cv-00741-BR

        Plaintiff,                          OPINION AND ORDER

v.

6004 NE WILDING ROAD, CITY OF
VANCOUVER, CLARK COUNTY,
STATE AND DISTRICT OF
WASHINGTON, REAL PROPERTY
WITH BUILDINGS,
APPURTENANCES, AND
IMPROVEMENTS, *in rem*,

        Defendant.


**BROWN, Senior Judge.**

This matter comes before the Court on claimant Bernice Bishop's *Pro Se* Motion (#11) for Preliminary Injunction and Temporary Restraining Order and *Pro Se* Motion (#10) for Order of Remission.  For the reasons that follow, the Court **DENIES** Bishop's Motions.


1 - OPINION AND ORDER

## BACKGROUND

On May 20, 2022, Plaintiff United States filed its Complaint *in rem* for Forfeiture against real property located at 6004 N.E. Wilding Road, Vancouver, Washington (Defendant real property) and the Declaration of Special Agent Scott McGeachy in support of the Complaint.

On May 20, 2022, Plaintiff also filed a Motion for Writ of Entry in which it moved for a finding of probable cause and Writ of Entry for Defendant real property.  Specifically, Plaintiff sought to:

    1.    Post notice of the Complaint on the Defendant real property;

    2.    Serve notice of this action on the owner of the Defendant real property along with a copy of the Complaint;

    3.    Execute a Writ of Entry for the purpose of conducting an inspection, inventory and testing for hazardous materials on the property; and

    4.    Record a *lis pendens* notice in the county records of the Defendant real property's status as a Defendant in this civil *in rem* forfeiture action.

Pl.'s Mot. at 2.

On May 23, 2022, the Court found probable cause based on the Complaint and Declaration of Agent McGeachy[1] to believe that

---

[1] McGeachy's Declaration is filed under seal pursuant to the Court's Order (#5) due to the criminal investigation related to this case.

Defendant real property

>represents proceeds traceable to sex trafficking in violation of 18 U.S.C. § 1591(a); represents proceeds traceable to wire fraud in violation of 18 U.S.C. § 1343; involved in money laundering in violation of 18 U.S.C. §§ 1956(h) and 1957; and represents proceeds traceable to an exchange for controlled substances or was used or intended to be used to facilitate such a transaction in violation of 21 U.S.C. § 841, and is therefore forfeitable to the United States pursuant to the provisions of 18 U.S.C. § 981(a)(1)(A) and (C), 21 U.S.C. § 881(a)(6), and 18 U.S.C. § 1594(e)(1).

Writ of Entry (#6) at 1-2.  Accordingly, on May 23, 2022, the Court entered a Writ of Entry Order.

At some point after May 23, 2022, Plaintiff sent Notice of Complaint to Bishop and others who might seek to file a claim as to Defendant real property advising them that Plaintiff had filed a Complaint seeking forfeiture of Defendant real property; "[a]ll persons claiming an interest in or right against the [property] may contest the forfeiture by filing a claim in the manner set forth in Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions"; the claim must be filed "not later than the time stated in a direct notice sent under Rule G(4)(b), or thirty days after the final publication of notice if no direct notice was sent to Claimant or Claimant's attorney"; anyone "having filed such a claim" must also serve and file an answer to the Complaint "under Rule G(5)(b) within twenty-one days after the filing of the claim"; any claim must be filed with the "Clerk of the United States District Court for the

3 - OPINION AND ORDER

District of Oregon, 1000 SW 3rd Avenue, Room 740, Portland, Oregon 97204"; and that the claim and answer must be served on "Katherine C. de Villiers, Assistant United States Attorney, 1000 SW 3rd Ave., Suite 600, Portland, Oregon 97204."  Notice at 2. The Notice of Complaint also provided it would be posted on Defendant real property and served on the property owner.

On June 16, 2022, Bishop filed a *Pro Se* Claim Petition In Rem Forfeiture Proceedings (#12) in which she attempted to file a claim as to Defendant real property.

On June 16, 2022, Bishop also filed a *Pro Se* Motion (#11) for Preliminary Injunction and Temporary Restraining Order and a *Pro se* Motion (#10) for Order of Remission in which she asserts this Court lacks jurisdiction and Plaintiff violated due process.

On June 30, 2022, Plaintiff filed a Response to Bishop's Motions and the Court took the matter under advisement.

## **STANDARDS**

In 2000 Congress enacted the Civil Asset Forfeiture Reform Act (CAFRA), 21 U.S.C. § 881, which authorizes the seizing agency to forfeit assets valued up to $500,000 after the seizing agency has comported with the requirements of due process.

Due process under CAFRA requires the seizing agency to send notice to potential claimants within 60 days of the seizure.  18 U.S.C. § 983(a)(1).  Due process, however, does not require

4 - OPINION AND ORDER

claimants receive actual notice of the proceeding.  *See Dusenbery v. United States*, 534 U.S. 161, 169-71 (2002)("our cases have never required actual notice").  *See also United States v. Baez*, 464 F. App'x 623, 624 (9th Cir. 2011)("Due process plainly does not require actual notice."); *Taylor v. United States*, 483 F.3d 385, 388 (5th Cir. 2007)("As the Government correctly points out, actual notice to Taylor is not required.").  Due process requires only that the government "*must attempt to provide* actual notice" through "reasonably calculated" efforts.  *Dusenbery*, 534 U.S. at 170 (emphasis in original).  *See also Taylor*, 483 F.3d at 388 ("Although the Government is not required to undertake 'heroic efforts,' it must fulfill *Mullane*'s command that the effort be 'reasonably calculated' to provide notice.").

After notification, a party may challenge the forfeiture by filing a claim within 35 days of the mailing of the written notice.  18 U.S.C. § 983(a)(2)(B).

## DISCUSSION

### I.   Bishop's Claim Petition

Plaintiff points out in its Response that Bishop's Claim Petition does not meet the requirements of Supplemental Rule G because Bishop did not sign her Claim under penalty of perjury as required by Rule G(5)(a)(C).  Plaintiff notes although the time for Bishop to file a claim has lapsed, Plaintiff "will not object

5 - OPINION AND ORDER

to [Bishop] re-filing her Claim and signing it under penalty of perjury if she wishes to do so, provided that she does so within two weeks of receiving [Plaintiff's] [R]esponse.  If Ms. Bishop does not amend and re-file her Claim by that time, the Government will move to strike her current claim as defective under Rule G." Pl.'s Resp. at 3 n.1.

The Court finds Bishop's Claim Petition is deficient because she did not sign it under penalty of perjury.  Pursuant to Plaintiff's representation, however, the Court grants Bishop leave to refile her Claim.  Because the record may not be clear to Claimant as to the date from which the two-week period runs for her to refile a claim, the Court, in the exercise of its discretion, sets a firm date of July 20, 2022, for Claimant to make a filing that complies with Supplemental Rule G.

## II.  Bishop's Motion for Preliminary Injunction and Temporary Restraining Order

In her Motion for Preliminary Injunction and Temporary Restraining Order Bishop moves the Court for an injunction against the Writ of Entry on the grounds that this Court lacks jurisdiction over Defendant real property and Plaintiff failed to comply with due process.

### A.   Jurisdiction

Bishop asserts this Court lacks jurisdiction over Defendant real property because the property is in Vancouver, Washington.  Plaintiff, however, points out that a forfeiture

6 - OPINION AND ORDER

action may be brought in "the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred."  28 U.S.C. § 1355(b)(1)(A).  Plaintiff asserts Agent McGeachy's Declaration establishes that the acts giving rise to the forfeiture occurred in the District of Oregon and, therefore, that this Court has jurisdiction.

The Court has reviewed Agent McGeachy's sealed Declaration and concludes it establishes that the acts giving rise to the forfeiture occurred in the District of Oregon. Accordingly, the Court concludes it has jurisdiction over this forfeiture action.

B.    Due Process

Bishop also asserts Plaintiff failed to comply with due process because it has not satisfied the requirements of 18 U.S.C. § 985.  Specifically, Bishop notes 18 U.S.C. § 985(e) requires "[i]f the court authorizes a seizure of real property under subsection (d)(1)(B)(ii), it shall conduct a prompt post-seizure hearing during which the property owner shall have an opportunity to contest the basis for the seizure."  In turn, 18 U.S.C. § 985(d)(1)(B)(ii) provides:

> Real property may be seized prior to the entry of an order of forfeiture if . . . the court . . . makes an *ex parte* determination that there is probable cause for the forfeiture and that there are exigent circumstances that permit the Government to seize the property without prior notice and an opportunity for the property owner to be heard.

7 - OPINION AND ORDER

Bishop asserts there are not any exigent circumstances that
permit the government to seize the property and that the Court
has not conducted a post-seizure hearing.

Plaintiff, however, points out that it has not invoked
the provisions of 18 U.S.C. § 985(d) and has not seized the
property within the meaning of 985(d).  Plaintiff notes it has
filed a *lis pendens* with Clark County "that will remain in place
while this matter is pending."  Pl.'s Resp. at 5.  CAFRA,
however, specifically provides the filing of a *lis pendens* "shall
not be considered a seizure" under § 985.  18 U.S.C. § 985(b)(2).
Bishop as the titled owner of Defendant real property is,
therefore, "free to occupy the property herself or to continue to
rent it out, as the rental receipts she attaches to her Answer
purport to show that she has been doing."  Pl.'s Resp. at 5.

The Court concludes on this record that Bishop has not
established 18 U.S.C. § 985(d)(1)(B)(ii) applies in this matter
or than Plaintiff failed to comply with due process.
Accordingly, the Court denies Bishop's Motion for Preliminary
Injunction and Temporary Restraining Order

### III. Bishop's Motion for Order of Remission

Bishop moves pursuant to 28 C.F.R. § 9.1 for an order of
remission on the basis that Plaintiff "has failed to state a
proper and appropriate jurisdictional claim upon which seizer
[*sic*] can be obtained."  Bishop Mot. for Remission at 2.

Specifically, Bishop asserts there is not any evidence to show "the purchase of the said *res* was acquired through any illegal and unlawful means.  The submitted document from Claimant third party Intervenor establishes a bona fide purchase from the sale of a property sold that was purchased with hard earned wages." *Id.*

The Court, however, does not have authority to grant an order of remission pursuant to § 9.1.  Rather that regulation provides procedures for federal agency officials to follow when considering remission or mitigation of administrative forfeitures under their jurisdiction or for Department of Justice officials to follow when considering similar requests for civil judicial and criminal forfeitures.  *See* 28 C.F.R. § 9.1(b).  That regulation does not pertain to this Court.  Accordingly, the Court denies Bishop's Motion for Order of Remission.

## CONCLUSION

For these reasons, the Court **DENIES** Bishop's Motion (#11) for Preliminary Injunction and Temporary Restraining Order and Motion (#10) for Order of Remission.

The Court **GRANTS** Bishop leave to refile her Claim as set out

in this Opinion and Order **not later than July 20, 2022.**

IT IS SO ORDERED.

DATED this 1st day of July, 2022.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge

10 - OPINION AND ORDER